# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| ARNETTE TATE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16CV424  HEA |
| | ) | |
| ROBERT McDONALD, Secretary of | ) | |
| Veterans Affairs, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Second Amended Complaint or for More Definite Statement, [Doc. No. 8].  The time to respond to the pending motion to dismiss has expired.  Plaintiff has failed to respond.  Defendant moves to dismiss for failure to state a claim.

### Legal Standard

"To survive a motion to dismiss [under Fed.R.Civ.P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). With regard to a pro se complaint the Court must liberally construe the allegations and "pro se litigants are held to a lesser pleading standard than other parties." *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n. 1 (8th Cir.2010) (citation omitted) However, a Plaintiff must allege sufficient facts to support his claims. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); citing, *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."); and *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir.1981) ("pro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."); see also, *Johnson v. Nixon*, 367 F. App'x 715 (8th Cir. 2010); citing, *Frey v. City of Herculaneum*, 44 F.3d 667, 672

(8th Cir.1995) (complaint fell short of meeting even liberal standard for notice pleading where it was entirely conclusory and gave no idea what acts individual defendants were accused of that could result in liability).

## Discussion

Plaintiff originally filed this action in the Circuit Court for the City of St. Louis, Missouri on February 22, 2016. Plaintiff's Petition states the following:

> $3,000,000.00 is what I am suing for. Because I didn't have an attorney everyone was allow [sic] to change their statements. The judges agreed with them never addressing or acknowledging me at all.
>
> I was terminated for failure to follow instruction he never filed an amendment. And it was never spoken what instructions I didn't follow. None of the judges question them about what they did to me. They judged me without me being present. That what Jeff Keys requested.

In her "Amended Complaint," Plaintiff reiterates the above stating:

> I am suing for $3,000,000.00 none of the judges have heard or question me about what was done to me while employed at the John Cochran VA Medical Center.
>
> None of the judges has question[sic] none of my harassers about what they did to me. Whatever attorney Keys submit is what they accepted.
>
> Attorney Jeffery Keys has been allowed to meet with the judges without me being present. He has never filed any Amends and every documents have been changed even the letter I supposed to have written is not the original.
>
> **I was terminated for failure to Follow instructions: document is included below lst.9 pages**

Everything else is a lie coming from attorney Keys clients ... each reason that Keys have given for you *I* others to dismiss my complaint change with every motion. I don't even know of the nonsense they are accusing of.

Below is my day to day complaint of harassment Mr. Keys was also included in the email that was sent and he never ask his client not to include him/he never spoke that was enough. Penny Mathen is Human Resources she is on the emails and tell me that they are trying to provoke me keep documenting.

Right now I'm homeless because lack of work the VA has label me as being unemployable.15 yrs. of my life has been destroyed by discrimination and hate from those whom were superior over me.

I don't seek my job back because they will only harass me again, I would never be at peace.

Jeanette my supervisor spit in my face and it got into my eyes, she held a hot coffee pot to my face and she had Aldora Harris to attempt to attack me in the C-file room while she Jeanette held the door to keep me from getting out of harm's way. There was also stalking by Jeanette on the VA parking lot.

if you and Ms. Moore do nothing else please read what was done to me. I have never changed any of my testimony statements.

In the current pleading, Plaintiff has resubmitted the above and has included the additional allegations that: (1) that the agency lied about her wages with regard to unemployment, (2) that unemployment benefits were stopped twice, (3) identification of additional alleged harassers Kristine McManus and Geraldine Smith, and (4) reference to Agency Hearing No. 4560-2014-0225X and Appeal No. 0120160975.

Defendants again move to dismiss this Amended pleading for failure to state a claim. Defendant argues that Plaintiff fails to detail any factual allegations of discrimination or retaliation on any grounds. Additionally, Defendant points out that the Amended Complaint fails to set out any timeframe within which any alleged discrimination and/or retaliation occurred.

While the Court recognizes that Plaintiff is proceeding *pro se*, and therefore construes the pleadings liberally, the Court agrees with Defendant that as with the Complaint and Amended Complaint, this Second Amended Complaint fails to state a claim. Plaintiff must comply with the Federal Rules in providing Defendant with enough factual information so that Defendant can answer the charges against him. There are no allegations of the kind of discrimination/harassment/retaliation Plaintiff claims, or are there any allegations regarding when the alleged wrongful activity occurred. Moreover, there are no allegations about any administrative proceedings prior to the filing of this lawsuit. Quite simply, Defendant is given no information from which he is able to ascertain what Plaintiff is claiming or when the wrong occurred. The Second Amended Complaint does not satisfy the pleading requirements of *Twombly* and *Iqbal*. As such, the Second Amended Complaint must be dismissed.

### Conclusion

Based upon the foregoing, the Court concludes that Plaintiff has failed to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Second Amended Complaint will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 8] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is dismissed with prejudice.

Dated this 24th day of April, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE